OPINION
{¶ 1} Defendant-appellant Richard King appeals his conviction, sexual predator/habitual sex offender classification and sentence in the Muskingum County Court of Common Pleas on one count of pandering obscenity involving a minor, a felony of the second degree, and sixty counts of pandering obscenity involving a minor, a felony of the fourth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of Ohio Revised Code 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, a felony of the third degree, in violation of Ohio Revised Code Section2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
 {¶ 3} At trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified, it was determined the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio, appellant's wife.
 {¶ 4} Detective Randy Richason of the Zanesville Police Department testified he obtained a search warrant and seized the computer, some floppy disks and CDs from the residence.
 {¶ 5} Special Agent William Brown, of the Social Security Administration, testified he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence.
 {¶ 6} Further, Police Officer Larry Brockelhurst, testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. Appellant objected to the testimony. The objection was overruled, and the trial court gave a limiting instruction to the jury.
 {¶ 7} Following the conclusion of evidence, the jury found appellant guilty on sixty-one counts of the indictment, as noted supra.
 {¶ 8} On February 28, 2005, the trial court conducted a classification hearing finding appellant a sexual predator and a habitual sex offender. The trial court sentenced appellant to prison, including maximum and consecutive sentences.
 {¶ 9} Appellant now appeals his conviction, sexual predator classification and sentence, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW, AS (1) THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT MR. KING WAS GUILTY OF THE CRIMES CHARGED AND (2) BY FINDING MR. KING GUILTY, AS THE VERDICTS FOR THE CHARGES WERE AGASINT THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 11} "II. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY CONCERNING MR. KING'S PRIOR CONVICTION AND CORRESPONDING INTERVIEW WITH A POLICE OFFICER.
 {¶ 12} "III. THE TRIAL COURT ERRED IN CLASSIFYING MR. KING AS A SEXUAL PREDATOR/HABITUAL SEXUAL OFFENDER.
 {¶ 13} "IV. THE TRIAL COURT ERRED IN SENTENCING MR. KING TO MAXIMUM CONSECUTIVE SENTENCES."
 I, II {¶ 14} The first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 15} Appellant argues the trial court erred in allowing testimony concerning appellant's prior 1997 conviction for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor.
 {¶ 16} Initially, we note the admission or exclusion of evidence lies within the sound discretion of the trial court. The trial court has broad discretion in determining the admissibility of evidence, and unless there is an abuse of discretion, the trial court's decision will not be disturbed. State v. Robb,2000-Ohio-275, 88 Ohio St.3d 59, 69, quoting State v. Sage
(1987), 31 Ohio St.3d 173. In order to find an abuse of discretion, the plaintiff bears the burden of demonstrating the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 17} Ohio Evidence Rule 404(B) outlines the admission of other acts evidence:
{¶ 18} "(B) Other crimes, wrongs or acts.
 {¶ 19} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 20} In State v. Adkins (July 24, 2002), Morrow Appellate No. CA-906, this Court affirmed a trial court decision allowing evidence of other acts of sexual abuse to demonstrate a "unique identifiable plan of criminal activity," ruling the evidence is "probative of a common scheme, plan, intent or a modus operandi."
 {¶ 21} In the case sub judice, the identity of the sender of the emails with the attachments, as well as the identity of who received and deleted the pictures, was in question. We find the trial court did not abuse its discretion in allowing the evidence of appellant's prior conviction to demonstrate identity through use of a common scheme, plan or modus operandi.
 {¶ 22} We note the trial court properly offered a limiting instruction with regard to the evidence:
 {¶ 23} "Ladies and gentlemen, you have just received information in what is called other acts or prior conviction. Evidence which was received about the commission of a crime — crimes and wrongs of acts, other than the offenses with which the Defendant is charged with in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it, to prove the character of the Defendant in order to show that he acted in conformity with that character.
 {¶ 24} "If you find that the evidence of other crimes and wrongs is true and that the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, the Defendant's motive, opportunity, intent or purpose, preparation or plan to commit the offense charged in this case, knowledge of circumstances surrounding — surrounding the offense charged in this trial, or the identity of the person who committed the offense in this trial. That evidence cannot be considered for any other purpose."
 {¶ 25} Tr. at p. 323-324.
 {¶ 26} Appellant did not object to the trial courts failure to regive the limiting instruction before the jury retired to consider its verdict. Accordingly, appellant waived any objection with regard to the failure to do so. The trial court offered the limiting instruction immediately after the evidence was presented. It was not plain error not to repeat the instruction prior to the jury's deliberation.
 {¶ 27} Appellant further maintains his current conviction is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 28} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 30} Specifically, appellant argues the prosecution failed to offer sufficient evidence to prove beyond a reasonable doubt appellant was guilty of the crimes charged. Appellant asserts there was no eyewitness testimony, and the prosecution had no evidence placing appellant in control of the computer at the time of the offense, nor did they demonstrate his knowledge of the character of the material involved.
 {¶ 31} Ohio Revised Code Section 2907.321 provides in pertinent part:
 {¶ 32} "2907.321 Pandering obscenity involving a minor
 {¶ 33} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
 {¶ 34} "(1) Create, reproduce, or publish any obscene material that has a minor as one of its participants or portrayed observers;
 {¶ 35} "(2) Promote or advertise for sale or dissemination; sell, deliver, disseminate, display, exhibit, present, rent, or provide; or offer or agree to sell, deliver, disseminate, display, exhibit, present, rent, or provide, any obscene material that has a minor as one of its participants or portrayed observers;
 {¶ 36} "(3) Create, direct, or produce an obscene performance that has a minor as one of its participants;
 {¶ 37} "(4) Advertise or promote for presentation, present, or participate in presenting an obscene performance that has a minor as one of its participants;
 {¶ 38} "(5) Buy, procure, possess, or control any obscene material, that has a minor as one of its participants;
 {¶ 39} "(6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers."
 {¶ 40} This Court has held evidence, albeit circumstantial, is sufficient to meet the burden of proof beyond a reasonable doubt. State v. Norris (July 1, 2005), Morgan App. No. CA04008. In this case, the trial court had sufficient, competent and credible evidence of sexually explicit pictures sent from the email address Daddy2younguns, with images on appellant's computer, floppy discs and CD's near the computer. Appellant had access to the computer, and he conceded during his testimony he knew the images were on the computer. In addition, appellant's prior conviction demonstrated his identity and experience in possessing the images at issue.
 {¶ 41} Appellant's first and second assignments of error are overruled.
 III {¶ 42} In the third assignment of error, appellant argues the trial court erred in classifying him a sexual predator/habitual sex offender. Specifically, appellant argues the trial court failed to appoint an expert to evaluate appellant, which may have changed the outcome of the hearing.
 {¶ 43} Appellant cites the Ohio Supreme Court decision inState v. Eppinger (2201), 91 Ohio St.3d 158, holding:
 {¶ 44} ". . . an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."
 {¶ 45} This Court has held a court-appointed expert witness is not reasonably necessary to address an offender's classification as a sexual predator where the trial court considered all the relevant statutory factors and could ascertain from the circumstances of the offender's transgressions there was high likelihood he would re-offend. State v. McMillen (Sept. 16, 2002), Stark App. No. 2001CA00392; State v. Little (July 29, 2002), Richland App. No. 01CA92.
 {¶ 46} Ohio Revised Code Section 2950.09(B)(3) provides the trial court consider all relevant factors, including, but not limited to the following, in classifying an offender as a sexual predator:
 {¶ 47} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 48} "(a) The offender's or delinquent child's age;
 {¶ 49} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 50} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 51} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 52} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 53} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 54} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 55} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 56} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 57} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 58} Initially, we note, appellant did not request the appointment of an expert.
 {¶ 59} Following the February 28, 2005 classification and sentencing hearing, the trial court found:
 {¶ 60} "The Court is under an obligation in regards to a sexual predator hearing to determine by clear and convincing evidence whether or not there is evidence to show that you have a propensity to commit future crimes of this nature.
 {¶ 61} "Based upon the findings made by the Court here, the Court finds that you were 35 years old at the time of committing this offense; that you have a prior criminal history including a prior sexual offense; the ages of the victims involved in this case and your prior case were all minors.
 {¶ 62} "The Court finds that you were previously convicted of a sexually-oriented offense, and you did complete your sentence that was imposed. It was a sexually-oriented offense, and you did participate in programs for sexual offenders.
 {¶ 63} "The Court also finds that you do not have a mental health or mental disability.
 {¶ 64} "The Court also finds that the nature of your sexual conduct shows a pattern of abuse. The same pattern was involved in both cases. The Court finds that you used the internet to engage in interchanging and exchanging child pornography, and that the jury found that those pictures in this case were obscene.
 {¶ 65} "Based upon all that, the Court finds that there is clear and convincing evidence that you should be labeled as a sexual predator because the Court finds that you are at risk of committing these offenses again in the — in the future.
 {¶ 66} "As such, you will be subject to a lifelong reporting requirement as permitted by statute. The Court also finds that you are a habitual sexual offender based on the fact that you have a prior sexually-oriented offense and have committed the second offense. And under that finding, the Court finds that you should also be subject to community identification under that offense."
 {¶ 67} Tr. at 7-9. {¶ 68} Upon review of the record, the trial court considered all of the relevant statutory factors and properly considered the circumstances of appellant's offenses in classifying appellant a sexual predator/habitual sex offender. Appellant has not demonstrated the trial court abused its discretion by not sua sponte finding an expert reasonably necessary to determine appellant's classification.
 {¶ 69} The third assignment of error is overruled.
 IV {¶ 70} In appellant's final assignment of error, he asserts the trial court erred in imposing maximum, consecutive sentences.
 {¶ 71} In sentencing appellant, the trial court stated its findings on the record:
 {¶ 72} "The Court finds that the most serious offense committed by you is a felony of the second degree. Felonies of the second degree carry a presumption for prison. The Court found nothing contained within that report or the testimony to rebut that presumption.
 {¶ 73} "The Court also finds that, based upon your prior history and the previous ruling today of this Court in regards to the facts that you are a sexual predator and that you have a propensity to commit future crimes, the Court feels that the longest sentences possible should be permitted in this case.
 {¶ 74} "The Court also feels the minimum sentence would demean the seriousness of the offenses and also not adequately protect society. This Court also feels that the harm is so great in this case and that your criminal history shows that the public needs to be protected, that the consecutive sentences would be appropriate in this case.
 {¶ 75} "The Court also finds that the children in these cases have been victims, as indicated your previous Court of Appeals case that even though you have no physical contact with the victims in this case, the victims know that their pictures are out there; and every time those pictures are shared and exchanged, they're continually victimized. That harm will continue as long as people like you continue to trade these photographs.
 {¶ 76} "Therefore, in regards to the sentences, the Court will indicate that all the sentences will be consecutive unless I indicate otherwise.
 {¶ 77} "* * *
 {¶ 78} "As indicated previously, the Court finds that the harm is so great in this case and your — your criminal history shows the public needs to be protected. That's why the Court is ordering those cases to be served consecutive.
 {¶ 79} "You had previously served a prison sentence. You previously received treatment, previously been placed upon community control; and you still committed the same offense again.
 {¶ 80} "In this particular case, you have been convicted of 60 counts. There were thousands of other pictures as indicated by the testimony that were not charged. The sum between this case and your previous cases indicates that you have a propensity to commit this type of crime. The Court feels it necessary to protect the public as well as to ensure the victims will no longer be victimized by you again."
 {¶ 81} Tr. at p. 17-22.
 {¶ 82} Ohio Revised Code Section 2929.14 states:
 {¶ 83} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 84} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 85} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 86} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 87} Appellant argues the trial court did not explain how the minimum sentence would demean the seriousness of the offense, except by making a reference to his prior history and sexual predator classification. Appellant cites the trial court finding appellant "has the propensity to commit future crime." Appellant argues the trial court's finding does not state appellant poses the greatest likelihood of committing future crimes; therefore, the court erred in imposing the maximum sentences.
 {¶ 88} Upon review of the record, we agree with appellant's argument the trial court's finding appellant "has the propensity to commit future crime" is not equivalent to finding appellant poses the "greatest likelihood of committing future crimes", as required by statute. Accordingly, we find the trial court erred in imposing maximum sentences in sentencing appellant, absent making either of the specific findings required by R.C. 2929.14.
 {¶ 89} With regard to the imposition of consecutive sentences, appellant cites the trial court's failure to find whether consecutive sentences were disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Appellant asserts the trial court erred in imposing consecutive sentences, absent findings required by O.R.C. 2929.14.
 {¶ 90} Ohio Revised Code Section 2929.14(E)(4) states:
 {¶ 91} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 92} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 93} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 94} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 95} Upon review, although the trial court noted the harm suffered by the victims was great and appellant's criminal history shows the public needs to be protected, the trial court did not specifically address whether consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Accordingly, we sustain the assignment of error, and remand the matter to the trial court for findings in accordance with the law and this opinion.
 {¶ 96} Appellant's conviction and sexual predator/habitual sex offender classification in the Muskingum County Court of Common Pleas are affirmed, and his sentence is reversed and remanded for further findings in accordance with the law and this opinion.
Hoffman, J. Boggins, P.J. concur Edwards, J. concurs separately.
 JUDGMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's convictions and sexual predator/habitual sex offender classification in the Muskingum County Court of Common Pleas are affirmed; his sentence is reversed; and the matter remanded to the trial court for re-sentencing for in accordance with the law and this opinion. Costs assessed to appellant.