OPINION *Page 2 
{¶ 1} Defendant-appellant Richard King appeals from the January 9, 2007 Decision of the Muskingum County Court of Common Pleas denying defendant-appellant's Motion for a New Trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of Ohio Revised Code 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, a felony of the third degree, in violation of Ohio Revised Code Section 2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
 {¶ 3} At trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified, it was determined the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio, appellant's wife.
 {¶ 4} Detective Randy Richason of the Zanesville Police Department testified he obtained a search warrant and seized the computer, some floppy disks and CDs from the residence. Special Agent William Brown, of the Social Security Administration, *Page 3 
testified he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence.
 {¶ 5} Further, Police Officer Larry Brockelhurst testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. Appellant objected to the testimony. The objection was overruled, and the trial court gave a limiting instruction to the jury
 {¶ 6} Following the conclusion of evidence, the jury found appellant guilty on sixty-one counts of the indictment, as noted supra.
 {¶ 7} On February 28, 2005, the trial court conducted a classification hearing finding appellant a sexual predator and a habitual sex offender. The trial court sentenced appellant to prison, including maximum and consecutive sentences.
 {¶ 8} Appellant timely appealed his conviction, sexual predator classification and sentence.
 {¶ 9} By Judgment Entry and Opinion dated January 19, 2006, this Court affirmed the trial court's actions as to the errors raised in assignments I, II and III but remanded with instructions as to assignment of error IV which alleged error in sentencing. State v.King, 5th Dist. No. CT05-17, 2006-Ohio-226. Appellant filed a timely appeal of the decision to the Ohio Supreme Court. On May 24, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.State v. King (2006), 109 Ohio St.3d 1482.
 {¶ 10} On March 8, 2006, the trial court re-sentenced appellant to thirty-six and one half years incarceration. On November 13, 2006 this Court affirmed appellant's *Page 4 
sentence. State v. King, 5th Dist. No. 06-20,2006-Ohio-6566. The Ohio Supreme Court declined to accept appellant's appeal of that decision. State v. King (2007), 114 Ohio St.3d 1508,2007-Ohio-4285.
 {¶ 11} Additionally, on October 20, 2005, appellant filed a petition for post conviction relief in the trial court. On March 6, 2006, the trial court denied appellant's post conviction petition. Represented by new counsel, appellant filed a timely appeal of the trial court's decision to this Court. On May 30, 2007 this Court affirmed the trial court's decision dismissing appellant's petition for post conviction relief. State v. King, 5th Dist. No. CT2006-0021,2007-Ohio-2810.
 {¶ 12} On July 21, 2006, appellant filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This application has been denied. King v. Wolfe (S.D. OH Feb. 27, 2007), 2007 WL 666626.
 {¶ 13} On or about August 15, 2006 appellant filed a Motion for a New Trial claiming newly discovered evidence. On January 9, 2007 the trial court denied appellant's motion.
 {¶ 14} It is from the trial court's judgment entry filed January 9, 2007 denying his motion for a new trial that appellant has appealed raising the following assignment of error:
 {¶ 15} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR A NEW TRIAL THEREBY VIOLATING THE APPELLANT'S UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT, AND THE OHIO CONSTITUTION ARTICLE I, SECTION 10 RIGHTS." *Page 5 
 I. {¶ 16} Appellant claims the trial court erred in denying his motion for new trial. Specifically, appellant claims he should have been granted a new trial pursuant to Crim.R. 33(A) (2), misconduct of a witness, and/or Crim.R. 33(A) (6), newly discovered evidence. We disagree.
 {¶ 17} The granting of a new trial lies in the trial court's sound discretion. State v. Petro (1974), 148 Ohio St. 505, 76 N.E.2d 370. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. The proper standard for determining whether the trial court abused its discretion is governed by thePetro case wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 18} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v.Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)"
 {¶ 19} Petro also cautions appellate courts to review the issue of newly discovered evidence from the record as a whole. Petro at 508,76 N.E.2d 370. *Page 6 
 {¶ 20} Appellant's motion for new trial was based upon misconduct of the State, and newly discovered evidence. Appellant argues that the State failed to disclose in discovery documentary evidence consisting of a purported business record from America On Line (AOL) that appellant's AOL account had been closed on March 8, 2004. According to appellant he therefore could not have downloaded pornographic material after that date.
 {¶ 21} For the following reasons, we find the trial court did not err in denying the motion for new trial. Under Crim.R. 33(A) (2), misconduct must be shown. Appellant admits in the case at bar that the information concerning the alleged closing date of the AOL account was given to his attorney. Accordingly, the information was not withheld. Second, the information relating to the status of appellant's AOL account was not newly discovered. The appellant knew or should have known prior to trial the status of his AOL account. Further, it is highly unlikely the outcome would have been any different. During appellant's jury trial, appellant attempted to admit a letter from Time Warner Cable, dated March 24, 2004 which indicated that appellant had a broadband internet account through the company's "Road Runner" service. (2T. at 140-141; Defendant's Exhibit "A"). Thus, lack of the dial-up AOL account would not preclude appellant from access to the Internet. Finally, all of the images introduced into evidence at appellant's trial werepossessed on either his computer hard drive or floppy disks and compact disks on March 24, 2004 when the computer was seized from his home pursuant to a search warrant.
 {¶ 22} Appellant was indicted pursuant to Ohio Revised Code Section2907.321 which provides in pertinent part: *Page 7 
 {¶ 23} "2907.321 Pandering obscenity involving a minor
 {¶ 24} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
 {¶ 25} "* * *
 {¶ 26} "(5) Buy, procure, possess, or control any obscene material, that has a minor as one of its participants . . ." (Emphasis added).
 {¶ 27} Accordingly, the State need only show appellantpossessed the obscene material. State v. King, 5th Dist. No. CT5-0017, 2006-Ohio-226.
 {¶ 28} The sole assignment of error is denied.
 {¶ 29} The judgment of the Court of Common Pleas, Muskingum County, Ohio is hereby affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio is hereby affirmed. Costs to appellant. *Page 1