[Cite as *State v. Hicks*, 2020-Ohio-548.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-883 |
| v. | : | (C.P.C. No. 17CR-3130) |
| William L. Hicks, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 18, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.*, and *Sarah M. Schregardus*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, William L. Hicks, Jr., appeals from a judgment of the Franklin County Court of Common Pleas convicting him of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 11, 2017, appellant arrived at his elderly mother's home to find a number of Columbus police officers in the residence. Appellant was approached by Detective David Spadafore of the Internet Crimes Against Children Task Force ("ICAC"), who was executing a search warrant he obtained based on images of child pornography discovered in an ICAC investigation of computers associated with the residence. The

obscene nature of the images and videos recovered from those computers is not disputed in this appeal. The ICAC also obtained a search warrant for appellant's address but found no child pornography on the computers associated with appellant's home. When Spadafore spoke with appellant about the investigation, appellant admitted making at least one search on his mother's computer designed to obtain pornographic images involving "teen lesbian[s]," but he denied engaging in any conduct designed to retrieve pornography involving children. (Tr. Vol. II at 311.)

{¶ 3} On June 8, 2017, a Franklin County Grand Jury indicted appellant on three counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), a felony of the second degree, and five counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. The charges in the indictment resulted from the discovery of eight pornographic images and videos involving children on the computer located in appellant's mother's home to which appellant had access at the relevant times. Other pornographic images and videos involving children were uncovered in the investigation, but they did not result in charges in the indictment.

{¶ 4} The case against appellant proceeded to a jury trial on September 24, 2017. Prior to opening statements and outside the presence of the jury, the trial court made a preliminary ruling as to the admissibility of evidence of uncharged conduct and images. The transcript reveals the following argument and ruling:

> [PROSECUTOR]: And I just have one more thing just for clarification.
>
> We were talking about the 404(B). I understand I'm not allowed to play the files and I completely understand that. But the detective is allowed to say there are other files on the computer that are indicative of child pornography?
>
> THE COURT: That is incorrect. No.
>
> [PROSECUTOR]: Okay. So --
>
> THE COURT: We're just going to talk about the eight files that are subject to the indictment. If it is raised as a defense that I didn't know that that was child pornography, I believe that would open the door to have the detectives called on rebuttal to discuss what else was found although not indicted. I certainly -- and, quite frankly, if that -- if someone were to testify as to that, that they didn't know it was child

> pornography, it certainly would be open to cross-examination at that point.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: But for purposes of the State's case in chief, I only want testimony around the eight videos and/or images that are part of the indictment.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: I do find that the defendant's right to a fair trial would be substantially prejudiced by a discussion of unindicted files and images and that that substantially outweighs any relevance that they may have. If they're not indicted, they're not relevant. I don't -- It doesn't sound like identity is an issue. I -- well, the State indicated that there was a statement that it was going to play that he was the only one who used the computer, right?
>
> [PROSECUTOR]: Yes, but from my understanding, the unsecured wireless -- there's going to be an argument that somebody comes in through the unsecured wireless and put things on these different items.
>
> [DEFENSE COUNSEL]: Well, to say that you didn't do it doesn't mean that that comes in under 404(B).
>
> THE COURT: If that's going to be -- well, I will allow the State to revisit that ruling if that -- if there's cross-examination that someone else put all these files on there.
>
> [PROSECUTOR]: Okay. That's fine.
>
> THE COURT: I think that would go to knowledge. I think that would go to motive. I think that would go to plan.
>
> [PROSECUTOR]: Okay.

(Tr. Vol. I at 88-89.)

{¶ 5} The opening statement of appellant's trial counsel reads, in relevant part, as follows:

> We won't know -- we don't know and the State's witnesses don't know how the mainly 8-year-old file came to be on -- to be on [appellant's mother's] machine and we don't know whose hands were on the keyboard. You will -- you will know after you've heard the evidence that [appellant's] phone and his home computer were examined and there were no prohibited images or videos present on those devices.
>
> The issue here is not whether [appellant] took pictures or made videos of any child porn. The charges in this case are

> that he, [appellant], downloaded these images and videos with knowledge of the character of the material. An accusation is not evidence. Speculation is not proof. Your verdict must be based, by law, on the evidence that you find beyond a reasonable doubt, if any. It still remains to be seen how that evidence will be developed.
>
> I suggest to you that you should listen closely. There is no direct evidence that [appellant] downloaded anything with knowledge of the character of that material. He may not have downloaded any of the data.

(Tr. Vol. I at 179-80.)

{¶ 6} Immediately following appellant's opening statement, the prosecutor asked the trial court to revisit its preliminary ruling on the admissibility of evidence regarding other uncharged conduct and images discovered in the computer at appellant's mother's home. The transcript shows the following argument and ruling, outside the presence of the jury:

> [PROSECUTOR]: Thank you, Your Honor.
>
> At this point I would argue that in [Defense Counsel's] opening statement he has put ID at issue, so at this point I believe that the 404(B) ruling that you made yesterday, I should be allowed to discuss the other videos and images that were found on the -- the items that were seized from [appellant's mother's] home.
>
> [DEFENSE COUNSEL]: I didn't say anything other than the fact that he is denied the same way he would have by pleading not guilty and that he didn't place any of those --
>
> THE COURT: *You said there's -- there's no direct evidence that* [*appellant*] *downloaded anything with knowledge of the character of that material. You've put it into issue. I'm going to allow the State of Ohio to testify about other images that are not indicted under 404(B).*
>
> [DEFENSE COUNSEL]: I most strenuously object.
>
> THE COURT: I will note your objection for the record, but I think -- *this is exactly what I cautioned against, but in opening statement your entire opening was that he didn't touch the keyboards, he didn't do anything, he didn't -- you know, he didn't download -- you specifically said there's no evidence that he downloaded this material with knowledge of what the -- what was contained in the -- in the materials.*

> [DEFENSE COUNSEL]: Which is the same thing as pleading not guilty.
>
> THE COURT: Okay. Well, there's a difference between pleading not guilty and, you know, offering a theory of your case to the jury in opening statement. I -- you know, I granted your motion in limine at the outset, but now you've put into issue -- *if your defense is going to be that absence of knowledge, absence of mistake, I'm going to allow the State to present this under 404(B).*
>
> [DEFENSE COUNSEL]: If that's your ruling, there's nothing I can do about it.
>
> THE COURT: Okay. That will be the Court's ruling.

(Emphasis added.) (Tr. Vol. I at 181-82.)

{¶ 7} Later in the proceedings, the court restated and clarified its Evid.R. 404(B) ruling as follows:

> THE COURT: Thank you. Go ahead and be seated.
>
> I wanted to put on the record before we break after Defense's opening argument, the Court indicated that it will permit the State of Ohio to introduce evidence of other images or films that were recovered. That is pursuant to Rule 404(B). The opening statement by Defense Counsel indicated that the [appellant] was not the one who downloaded this material. He -- The Defense has put into issue the identity, the -- that this was a mistake.
>
> I think that the other films I won't permit to be shown to the jury, but I will permit testimony about their existence and where they were recovered. I think that it goes to show identity, absence of mistake, preparation, knowledge; so I will permit it for that limited purpose. I will instruct the jury at the time that they may not consider it as evidence of -- that the [appellant] acted in conformity with a certain character, but that they may consider it for those limited purposes.
>
> I wanted to make a more full record of that because I don't know that I addressed it -- addressed it appropriately at the time I made that ruling, but I believe we'll get into some of that in the afternoon. And so I'll note your objection, [Defense Counsel].

(Tr. Vol. II at 296-97.)

{¶ 8} During her direct examination of Spadafore, the prosecutor asked Spadafore about a forensic report, in digital video disc format, which contained viewable pornographic

images involving children that were copied from the computer located in the home of appellant's mother but which did not form the basis of a charge in the indictment. The report was marked as State's Exhibit F1 and was identified by Spadafore. The prosecutor also informed the court and opposing counsel that she did not intend to offer the video disc as evidence or show the images to the jury. Rather, the prosecutor explained that she would only ask Spadafore about his written forensic report summary, which contained his narrative regarding the searches performed and his description of the viewable images retrieved by the searches. The forensic report summary was marked as State's Exhibit F and identified by Spadafore. When appellant's trial counsel subsequently objected to any testimony regarding the uncharged conduct, the trial court overruled the objection and gave the jury the following instruction:

> THE COURT: Ladies and gentlemen, the objection is overruled.
>
> I do want to give you a limiting instruction. You will be reminded of this when we give you the final closing instructions. You're going to hear evidence that you should not and must not consider as proof of the [appellant's] character and proof that he acted in conformity therewith; however, certain evidence is admitted for a limited purpose to show the identity of the offender, to show plan, preparation, intent and absence of mistake.
>
> There's going to be evidence that's going to be presented to you over Defense Counsel's objection. You can only consider it for those purposes, to show identity, proof of -- proof of knowledge, intent, lack of mistake. You are not to consider it for any other purpose.
>
> What weight you give this evidence is entirely up to you. I'm not telling you how to weigh it, but you cannot consider it for those other purposes, to show that they acted in a certain way in conformity with the character trait, only for those limited purposes. So with that instruction, I will allow the State to proceed with Exhibit F1.

(Tr. Vol. II at 322-23.)

{¶ 9} Spadafore then testified that the video disc marked as State's Exhibit F1 contained numerous viewable images that were bookmarked as part of the forensic examination and identified in the forensic report summary as child pornography but which did not result in a charge in the indictment. The written forensic summary report was

admitted into evidence as State's Exhibit F and it contains a narrative description of search terms and viewable images bookmarked during the investigation.

{¶ 10} At the conclusion of evidence, the prosecutor moved the court for admission of State's Exhibit F, and the trial court admitted the exhibit over the objection of appellant's trial counsel. The prosecutor did not move the trial court for admission of the video disc marked as State's Exhibit F1, and the exhibit is not part of the record in this appeal.

{¶ 11} Before submitting the case to the jury for deliberations, the trial court orally instructed the jury, including the following instruction regarding "other acts" evidence:

> Evidence was received about the commission of crimes, wrongs and acts other than the offenses with which the [appellant] is charged in this trial. That evidence was received only for a limited purpose. It was not received and you may not consider it to prove the character of the [appellant] in order to show that he acted in conformity or accordance with that character.
>
> If you find that the evidence of other crimes, wrongs, or acts is true and that the [appellant] committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, the [appellant's] motive, opportunity, intent or purpose, preparation or plan to commit the offense charged in this trial. That evidence cannot be considered for any other purpose.
>
> Evidence was admitted of another act which may have been committed by the [appellant]. You are to consider this evidence on the issue of identity. If you believe that the [appellant] committed the other act, you may consider evidence of scheme, plan or system as you decide whether the acts alleged in the indictment, if committed, were committed by the [appellant] rather than some other person.
>
> * * *
>
> Let me caution you that the evidence of the scheme, plan, or system is only one of the things you are to consider in determining identity. The state must prove identity beyond a reasonable doubt. If you find that the [appellant] committed the other act, you MAY NOT presume that he committed the acts -- that he committed the acts charged. You may, however, consider the other act along with all other evidence, in deciding whether the state has proved beyond a reasonable doubt that

> the [appellant], rather than some other person, committed the offense charged.[1]

(Emphasis added.)  (Tr. Vol. III at 597-99.)

{¶ 12}  On September 28, 2018, the jury returned a guilty verdict as to each of the charges in the indictment.  On October 25, 2018, the trial court convicted appellant of all charges and sentenced appellant to a prison term of 4 years for each of the 3 second-degree offenses and 12 months for each of the 5 fourth-degree felony offenses.  The court ordered appellant to serve all terms concurrently for an aggregate prison term of 4 years.

## II.  ASSIGNMENT OF ERROR

{¶ 13}  Appellant assigns the following as trial court error:

> The trial court erred when it allowed evidence of uncharged images to be admitted under Evid.R. 404(B).

## III.  LEGAL ANALYSIS

{¶ 14}  In appellant's sole assignment of error, appellant alleges the trial court erred when it allowed evidence of uncharged images to be admitted under Evid.R. 404(B).  We disagree.

{¶ 15}  "[T]rial court decisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court.  Appeals of such decisions are considered by an appellate court under an abuse-of-discretion standard of review."  *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 22.  An abuse of discretion means the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16}  As a general rule, evidence of acts of the defendant, other than those for which the defendant is on trial, is not admissible when the purpose is to show the defendant's character or propensity to commit crime.  Evid.R. 404(B); *State v. Curry*, 43 Ohio St.2d 66 (1975); *State v. DeMarco*, 31 Ohio St.3d 191 (1987).  "Such evidence may, however, be 'admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' "  *State v. Armengau*, 10th Dist. No. 14AP-679, 2017-Ohio-4452, ¶ 70, quoting Evid.R. 404(B).  "The policies underlying the limited admissibility of other-acts evidence include the inherent danger that

---

[1] An identical written instruction was provided to the jury for deliberation.

the jury will convict because the defendant is crime-prone, the injustice of forcing a defendant to defend against evidence the defendant is not prepared to challenge, and the resulting confusion of the issues." *Armengau* at ¶ 69, citing *Curry* at 68.[2]

{¶ 17} In *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, the Supreme Court of Ohio set out a three-pronged analysis for the trial court to consider in admitting "other acts" evidence: (1) whether the other-acts evidence is relevant under Evid.R. 401; (2) whether the other-acts evidence is presented for a permissible purpose, such as those stated in Evid.R. 404(B), rather than to prove the character of the accused in order to show activity in conformity therewith; and (3) whether the probative value of the other-acts evidence is substantially outweighed by the danger of unfair prejudice under Evid.R. 403. *Id.* at ¶ 19-20.

{¶ 18} In *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289 (12th Dist.), appellant was convicted of numerous offenses, including four counts of corruption of a minor, six counts of gross sexual imposition, and three counts of pandering sexually oriented matter involving a minor. *Id.* at ¶ 3. At trial, the state presented evidence that a large number of the photographs or negatives removed from appellant's house contained images "appearing to feature the clothed buttocks or clothed groin region of teenage boys, or of shirtless teenage boys, most of whom were athletes." *Id.* at ¶ 74. In affirming the convictions, the Twelfth District Court of Appeals applied the *Williams* analysis and held

---

[2] R.C. 2907.322 defines the offense of pandering sexually oriented matter involving a minor, in relevant part, as follows:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality;
>
> * * *
>
> (5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality;
>
> * * *
>
> (C) Whoever violates this section is guilty of pandering sexually oriented matter involving a minor or impaired person. If the offense involves a minor, a violation of division (A)(1) * * * of this section is a felony of the second degree. * * * Violation of division (A)(5) of this section is a felony of the fourth degree.

the trial court did not abuse its discretion in admitting the photographs and related testimony under Evid.R. 404(B) because the evidence was relevant when offered to prove appellant's motive for committing sex offenses, the trial court had given the jury the appropriate limiting instructions, and the danger of unfair prejudice did not outweigh the relevance of the evidence when offered to prove motive.  *Id.* at ¶ 81-89.

{¶ 19}  In *State v. King*, 5th Dist. No. CT05-0017, 2006-Ohio-226, the Fifth District Court of Appeals held the trial court did not abuse its discretion in a prosecution for pandering obscenity involving a minor by admitting evidence of defendant's prior convictions for illegal use of a minor in nudity-oriented material and pandering sexually oriented material involving a minor.  *Id.* at ¶ 21.  The Fifth District determined such evidence was admissible under Evid.R. 404(B) because the identity of the sender of obscene material was in question and the prior convictions demonstrated identity through use of a common scheme or plan, and because the trial court gave the jury an appropriate limiting instruction.  *Id.* at ¶ 21-26.  Similarly, in *State v. Gillingham*, 2d Dist. No. 20671, 2006-Ohio-5758, the court held that joinder of a charge of gross sexual imposition with other charges was proper because evidence of pornographic video images involving children, which formed the basis of charges of pandering obscenity involving a minor, was admissible under Evid.R. 404(B) to prove that defendant's motive was sexual gratification based on sexual contact.  *Id.* at ¶ 32.

{¶ 20}  In this appeal, appellant does not contest the trial court's finding that his trial counsel opened the door to the admission of other-acts evidence by claiming in his opening statement that there is no direct evidence that appellant downloaded anything with knowledge of the character of that material.[3]  Appellant also concedes the first two prongs of the *Williams* analysis are not at issue in this case.  In other words, appellant acknowledges the evidence of uncharged conduct is probative of appellant's intent, knowledge, identity, or absence of mistake or accident in committing the pandering offense.  Appellant maintains, however, that the danger that the jury would unfairly consider the other-acts evidence as proof of appellant's trait of character and that he acted in conformity

---

[3] We note that in the Sixth Circuit, trial courts "are not required to wait until a defendant asserts a defense of mistake or lack of knowledge before concluding that evidence which is probative of intent may be deemed admissible if the offense charged is a specific intent offense."  *United States v. Edington*, S.D. Ohio No. 2:10-cr-335 (July 20, 2011), citing *United States v. Hardy*, 643 F.3d 143 (6th Cir.2011).

therewith in committing the charged offenses substantially outweighed the probative value of the evidence when offered to prove appellant's intent, knowledge, identity, or absence of mistake or accident. Accordingly, appellant claims the trial court acted unreasonably, arbitrarily, or capriciously in admitting the other-acts evidence. We disagree.

{¶ 21} " '[E]ven if other acts evidence is determined to be relevant to a permissible purpose under either Evid. R. 404(B) * * *, it must still be excluded under Evid. R. 403(A), "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." ' " *State v. Shipley,* 10th Dist. No. 12AP-948, 2013-Ohio-4055, ¶ 61, quoting *State v. Hurt*, 10th Dist. No. 95APA06-786 (Mar. 29, 1996), quoting Evid.R. 403(A). " 'In reaching a decision involving admissibility under Evid. R. 403(A), a trial court must engage in a balancing test to ascertain whether the probative value of the offered evidence outweighs its prejudicial effect.' " *Shipley* at ¶ 61, quoting *State v. Steele*, 10th Dist. No. 95APA01-124 (Sept. 21, 1995). "In order for the evidence to be deemed inadmissible, its probative value must be minimal and its prejudicial effect great." *Shipley* at ¶ 61, citing *State v. Morales*, 32 Ohio St.3d 252, 258 (1987). "Furthermore, relevant evidence which is challenged as having probative value that is substantially outweighed by its prejudicial effects 'should be viewed in a light most favorable to the proponent of the evidence, maximizing its probative value and minimizing any prejudicial effect' to the party opposing its admission." *Shipley* at ¶ 61, citing *Hurt*, quoting *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984).

{¶ 22} As previously stated, appellant acknowledges the evidence regarding uncharged conduct and images was relevant when offered to prove appellant's intent, knowledge, identity, or absence of mistake or accident. In our view, the limiting instructions given by the trial court prevented any danger that the jury would unfairly consider the other-acts evidence as proof of appellant's trait of character and that he acted in conformity therewith in committing the pandering offenses of which he was charged. Appellant did not object to the limiting instructions given by the trial court, and he has not alleged error in regard to the substance of instructions in this appeal.

{¶ 23} " '[A] jury is presumed to follow instructions of the court, so a limiting instruction is presumed to be followed.' " *Shipley* at ¶ 62, quoting *State v. Faris*, 10th Dist. No. 93APA08-1211 (Mar. 24, 1994), citing *Lakeside v. Oregon*, 435 U.S. 333 (1978). And,

"[t]he jury is presumed to have followed the trial court's instruction." *State v. Walburg*, 10th Dist. No. 10AP-1087, 2011-Ohio-4762, ¶ 53, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 39. The limiting instruction given by the trial court admonished the jury not to consider the other acts evidence as proof of appellant's character, and we must presume the jury followed the trial court's instructions. Even though the jury had a difficult time in reaching its verdict in this case and asked several questions of the trial court during deliberations, there is nothing in the record to support the conclusion that the guilty verdicts were the result of improper consideration of the other-acts evidence.[4] Given the acknowledged relevance of the other uncharged acts involving child pornography when offered as proof of intent, knowledge, identity, or absence of mistake or accident, and the trial court's limiting instructions, we perceive no unfair prejudice to appellant arising from Spadafore's testimony. Accordingly, we hold the trial court did not abuse its discretion when it admitted the other-acts evidence.

{¶ 24} For the foregoing reasons, appellant's assignment of error is overruled.

## IV.  CONCLUSION

{¶ 25} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

---

[4] When the jury indicated that it was deadlocked, the trial court instructed the jury to continue deliberations in accordance with *State v. Howard*, 42 Ohio St.3d 18 (1989), paragraph two of the syllabus. The jury was subsequently able to reach a unanimous verdict of guilt as to all the charges in the indictment.