OPINION *Page 2 
{¶ 1} Defendant-Appellant, Richard King, appeals from the entry of Muskingum County Court of Common Pleas denying his "Motion For Relief From Judgment." The State of Ohio is Plaintiff-Appellee.
 {¶ 2} On November 10, 2004, Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of R.C. 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, felonies of the third degree, in violation of R.C. 2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
 {¶ 3} On January 27, 2005, the jury found Appellant guilty on sixty-one counts of the indictment. The remaining count was dismissed.
 {¶ 4} On February 28, 2005, the trial court conducted a classification hearing finding Appellant to be a sexual predator and a habitual sex offender. The trial court sentenced Appellant to 36 ½ years in prison.
 {¶ 5} Appellant timely appealed his conviction, sexual predator classification and sentence.
 {¶ 6} On January 19, 2006, this Court affirmed the trial court as to the errors raised in assignments I, II and III but remanded with instructions as to assignment of error IV which alleged error in sentencing. State v. King, 5th Dist. No. CT05-17,2006-Ohio-226. Appellant filed a timely appeal of the decision to the Ohio Supreme Court. On May 24, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the *Page 3 
appeal as not involving any substantial constitutional question.State v. King (2006), 109 Ohio St.3d 1482, 847 N.E.2d 1226.
 {¶ 7} On March 8, 2006, the trial court resentenced Appellant to 36 ½ years incarceration. On November 13, 2006, this Court affirmed Appellant's sentence. State v. King, 5th Dist. No. 06-20,2006-Ohio-6566. The Ohio Supreme Court declined to accept Appellant's appeal of that decision. State v. King (2007), 114 Ohio St.3d 1508,2007-Ohio-4285.
 {¶ 8} Additionally, on October 20, 2005, Appellant filed a petition for post-conviction relief in the trial court. On March 6, 2006, the trial court denied Appellant's post-conviction petition. Represented by new counsel, Appellant filed a timely appeal of the trial court's decision to this Court. On May 30, 2007 this Court affirmed the trial court's decision dismissing Appellant's petition for post-conviction relief. State v. King, 5th Dist. No. CT2006-0021,2007-Ohio-2810.
 {¶ 9} On July 21, 2006, Appellant filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied.King v. Wolfe (S.D. OH Feb. 27, 2007), 2007 WL 666626.
 {¶ 10} On August 15, 2006, Appellant filed a motion for a new trial claiming newly discovered evidence. On January 9, 2007, the trial court denied Appellant's motion. On September 28, 2007, this Court affirmed the trial court's decision denying Appellant's motion for new trial.State v. King, 5th Dist. No. 2007-CA-0004,2007-Ohio-5297.
 {¶ 11} On October 8, 2008, Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B). On October 15, 2008, the trial court summarily denied *Page 4 
Appellant's motion. It is from this entry that he now appeals, and raises one Assignment of Error:
 {¶ 12} "I. JUDGE MARK C. FLEEGLE ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S MOTION FOR RELIEF OF JUDGMENT THEREBY WILLFULLY DENYING APPELLANT'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS OF LAW."
 I. {¶ 13} Appellant filed his motion for relief from judgment pursuant to Civ. R. 60(B). Civil Rule 60(B) allows relief from a judgment or order based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the judgment." Civ. R. 60(B)(1) through (5). A motion pursuant to Civ. R. 60(B) "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ. R. 60(B). Civil Rule 60(B) can apply in limited instances in criminal cases through the application of Crim. R. 57, which states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 14} The Supreme Court recently held, "the plain language of Crim. R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." State v. Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431,2008-Ohio-545, at ¶ 10. *Page 5 
 {¶ 15} As, the Supreme Court in Schlee pointed out, Crim. R. 35 sets forth the procedure by which criminal defendants can file petitions for post-conviction relief. This procedure was available to Appellant and serves the same purpose as the Civ. R. 60(B) motion he filed.Schlee, supra, at ¶ 11.
 {¶ 16} The court in Schlee determined that a motion for relief from judgment may be treated as a petition for post-conviction relief even when the motion has been unambiguously presented as a Civ. R. 60(B) motion. Specifically, the Schlee court stated:
 {¶ 17} "Schlee's Civ. R. 60(B) motion was labeled a `Motion For Relief From Judgment.' Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. State v. Bush, 96 Ohio St .3d 235,2002-Ohio-3993, 773 N.E.2d 522, citing State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131. In Reynolds, we concluded that a motion styled `Motion to Correct or Vacate Sentence' met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was `(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.' Id. at 160, 679 N.E.2d 1131. The Civ. R. 60(B) motion filed by Schlee was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. We conclude, therefore, that the Civ. R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way *Page 6 
Crim. R. 57(B) intends, because a procedure `specifically prescribed by rule' exists, i.e., Crim. R. 35."
 {¶ 18} Appellant's motion for relief from judgment could have been filed as a post-conviction relief petition or are issues that could have been raised in his direct appeal, as they are all matters that were contained within the original record. In fact, Appellant has previously filed a post-conviction petition, a direct appeal, and a motion for new trial raising all of the issues that he raises in his current motion. He has exhausted every criminal remedy available to him and the trial court and this Court have previously rejected all of these arguments. Accordingly, it was neither necessary nor appropriate to file a motion pursuant to Civ. R. 60(B).
 {¶ 19} In Appellant's motion, he argues, under the guise of due process violations, that the trial court violated his rights because: (1) there was insufficient evidence to support his convictions; (2) the trial court permitted the state to illegally introduce hearsay evidence; (3) the trial court erred in permitting the state to amend the indictment; (4) the trial court erred in instructing the jury regarding the admission of Appellant's prior conviction; and (5) the trial court erred in sentencing him to maximum and consecutive sentences.
 {¶ 20} In Appellant's direct appeal, he raised the issues of sufficiency of the evidence and manifest weight; error in permitting testimony regarding his prior conviction; error in his sexual offender classification; and error in sentencing him to maximum and consecutive sentences. He then filed a motion for re-opening and raised the issues of illegal seizure of evidence based on warrantless search; ineffective assistance of trial counsel; and the wrongful admission of hearsay. He also filed a post conviction *Page 7 
petition, raising multiple issues, which was denied. He then appealed the denial of the petition for post-conviction relief, raising the issues of illegal seizure of evidence via a warrantless search; ineffective assistance of trial counsel; and inadequate discovery. This Court affirmed the denial of the post-conviction petition. He then filed a motion for new trial, which was denied by the trial court. He appealed that decision as well, and raised the issues of inadequate discovery and witness misconduct. This Court again affirmed the trial court's decision.
 {¶ 21} Having had a prior opportunity to litigate all of the claims that Appellant sets forth in his latest motion, Appellant's arguments are also barred under the doctrine of res judicata. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 22} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Page 8 
 {¶ 23} Accordingly, Appellant's assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.
 By: Delaney, J. Hoffman, P.J. and Gwin, J. concur. *Page 9 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1