[Cite as *State v. King*, 2012-Ohio-4070.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD KING | : | Case No. CT12-0018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case. No. CR2004-0327

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     September 4, 2012

APPEARANCES:

For Plaintiff-Appellee

ROBERT L. SMITH
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

RICHARD KING, PRO SE
#489-103
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH 45601

*Farmer, J.*

{¶1} On November 10, 2004, the Muskingum County Grand Jury indicted appellant, Richard King, on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.32(1)(A)(1) and (5). A jury trial commenced on January 25, 2005. The jury found appellant guilty as charged. By entry filed March 7, 2005, the trial court sentenced appellant to an aggregate term of thirty-six and one-half years in prison, and classified him as a sexual predator/habitual sexual offender.

{¶2} Appellant filed an appeal. By opinion and judgment entry filed January 19, 2006, this court affirmed appellant's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4). *State v. King,* Muskingum App. No. CT05-0017, 2006-Ohio-226. Upon remand, the trial court resentenced him to the same sentence. See, Entry filed March 8, 2006.

{¶3} Appellant filed an appeal. This court affirmed the resentencing. *State v. King,* Muskingum App. No. CT06-0020, 2006-Ohio-6566.

{¶4} On October 8, 2008, March 13, 2009, September 15, 2009, and November 2, 2010, appellant filed motions/petitions for postconviction relief on several issues including resentencing. The trial court denied the motions/petitions. Appellant filed appeals. This court affirmed the trial court's decisions. *State v. King,* Muskingum App. No. CT2008-0062, 2009-Ohio-412; *State v. King,* Muskingum App. No. CT09-CA-22, 2009-Ohio-3854; *State v. King,* Muskingum App. No. CT2009-0047, 2010-Ohio-798; *State v. King,* Muskingum App. No. CT2011-0006, 2011-Ohio-4529.

{¶5} On July 14, 2011, appellant filed another motion for resentencing. By entry filed February 15, 2012, the trial court denied the motion.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}   "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR RESENTENCE AND MOTION TO CORRECT SENTENCE THEREBY VIOLATING THE APPELLANT'S RIGHTS OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW AS APPELLANT'S CURRENT SENTENCE IS NOT VOID."

II

{¶8}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RESENTENCE AS HIS CURRENT SENTENCE IS VOID, UNREASONABLE AND UNDULY HARSH AND NOT SUPPORTED BY THE RECORD."

III

{¶9}   "THE TRIAL COURT ERRED AS IT DID NOT NOTIFY THE APPELLANT THAT HIS SENTENCE WAS MANDATORY AT RESENTENCING THEREBY VIOLATING HIS FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS OF LAW."

IV

{¶10}  "THE TRIAL COURT ERRED AS IT DID NOT NOTIFY THE APPELLANT OF HIS DUTIES OR OBLIGATIONS OF REGISTRATION PURSUANT TO R.C. 2929.13(I) AS IT FAILED TO HOLD A SEXUAL PREDATOR HEARING THEREBY VIOLATING HIS RIGHTS OF DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT."

## I, II, III, IV

{¶11} Under these assignments of error, appellant challenges his sentence and claims the trial court erred in denying his motion for resentencing. We disagree.

{¶12} Appellant was originally sentenced on March 7, 2005. Appellant's convictions and sexual predator/habitual sexual offender classification were affirmed by this court on January 19, 2006. However, this court remanded the matter to the trial court for resentencing to comply with R.C. 2929.14(E)(4). Upon remand, the trial court resentenced him to the same sentence and entered findings consistent with the remand. See, Entry filed March 8, 2006.

{¶13} Thereafter, appellant filed numerous filings, including motions for resentencing and petitions for postconviction relief. The trial court denied the motions/petitions. This court affirmed the decisions on January 29, and July 30, 2009, March 1, 2010, and September 6, 2011. On July 14, 2011, appellant filed the subject motion for resentencing which the trial court denied on February 15, 2012.

{¶14} In *State v. Reynolds* (1997), 79 Ohio St.3d 158, the Supreme Court of Ohio set forth the standard by which postconviction motions are to be reviewed in light of R.C. 2953.21:

{¶15} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."

{¶16} The *Reynolds* court at 160 explained despite its caption, a motion meets the definition of a petition for postconviction relief if it is (1) filed subsequent to a direct

appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence.

{¶17} Accordingly, in reviewing appellant's motion for resentencing, we find it to be a petition for postconviction relief as defined in R.C. 2953.21. Based upon appellant's past filings, the subject motion was a successive petition for postconviction relief. R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

{¶18} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶19} "(1) Both of the following apply:

{¶20} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶21} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a

sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶22} In reviewing appellant's motion for resentencing/petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶23} In addition, appellant's arguments are barred by the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

{¶24} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

{¶25} In reviewing appellant's motion for resentencing/petition for postconviction relief, we find the arguments therein could have been raised on direct appeal.

{¶26} Further, any challenges to his sentence pursuant to H.B. No. 86 are improper, as appellant was resentenced on March 8, 2006 and H.B. No. 86 became effective on September 30, 2011. H.B. No. 86 is not to be applied retroactively. *State v. Fields,* Muskingum App. No. CT11–0037, 2011-Ohio-6044, ¶9-12.

{¶27} Upon review, we find the trial court did not err in denying appellant's motion/petition.

{¶28} Assignments of Error I, II, III, and IV are denied.

{¶29}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 820

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD KING | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT12-0018 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES