[Cite as *State v. King*, 2016-Ohio-2788.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
|---|---|---|
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD KING | : | Case No. CT2015-0058 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. CR2004-0327


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                April 29, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON, II                    RICHARD KING, Pro Se
27 North Fifth Street                     #489103
P.O. Box 189                              North Central Correctional Institution
Zanesville, OH  43702-0189                670 Marion Williamsport Road E.
                                          Marion, OH  43302

*Farmer, P.J.*

{¶1}   On November 10, 2004, the Muskingum County Grand Jury indicted appellant, Richard King, on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (5).  A jury trial commenced on January 25, 2005.  The jury found appellant guilty as charged.  By entry filed March 7, 2005, the trial court sentenced appellant to an aggregate term of thirty-six and one-half years in prison, and classified him as a sexual predator/habitual sexual offender.

{¶2}   Appellant filed an appeal.  By opinion and judgment entry filed January 19, 2006, this court affirmed appellant's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4).  *State v. King,* Muskingum App. No. CT05-0017, 2006-Ohio-226.

{¶3}   Upon remand, the trial court resentenced him to the same sentence.  See, Entry filed March 8, 2006.  Appellant filed an appeal.  This court affirmed the resentencing. *State v. King,* Muskingum App. No. CT06-0020, 2006-Ohio-6566.

{¶4}   On October 20, 2005, August 15, 2006, October 8, 2008, March 13, 2009, September 15, 2009, November 2, 2010, and July 14, 2011, appellant filed motions/petitions for postconviction relief on several issues including resentencing, evidentiary issues, ineffective assistance of counsel, and request for new trial.  The trial court denied the motions/petitions.  Appellant filed appeals.  This court affirmed the trial court's decisions.  *State v. King,* 5th Dist. Muskingum No. CT2006-0021, 2007-Ohio-2810; *State v. King,* 5th Dist. Muskingum No. CT2007-0004, 2007-Ohio-5297; *State v. King,* 5th Dist. Muskingum No. CT2008-0062, 2009-Ohio-412; *State v. King,* 5th Dist. Muskingum No. CT09-CA-22, 2009-Ohio-3854; *State v. King,* 5th Dist. Muskingum No.

CT2009-0047, 2010-Ohio-798; *State v. King,* 5th Dist. Muskingum No. CT2011-0006, 2011-Ohio-4529; *State v. King,* 5th Dist. Muskingum No. CT2012-0018, 2012-Ohio-4070.

{¶5}   On September 29, 2015, appellant filed a motion to vacate void conviction, challenging the trial court's subject matter jurisdiction because the indictment was invalid or void.  By journal entry filed October 20, 2015, the trial court denied the motion.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}   "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY LITIGATING IN A MATTER IN WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION."

II

{¶8}   "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY FAILING TO *SUA SPONTE* VACATE THE VOID ENTRY AND DISMISS APPELLANT'S CASE WITH PREJUDICE."

III

{¶9}   "APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT COMMITTED PLAIN ERROR AS IT PERMITTED THE PROSECUTOR TO AMEND THE INDICTMENT WITHOUT RESUBMISSION OF THE CAUSE TO THE

GRAND JURY IN VIOLATION OF HIS UNITED STATES CONSTITUTION FIFTH AMENDMENT AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

IV

{¶10} "THE APPELLANT'S UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT AND OHIO CONSTITUTION ARTICLE I, SECTION 16 RIGHTS OF DUE PROCESS OF LAW WAS VIOLATED AS APPELLANT'S SENTENCE IS CONTRARY TO LAW AND THE RECORD DOES NOT SUPPORT THE IMPOSED SENTENCE."

V

{¶11} "THE APPELLANT'S RIGHT OF DUE PROCESS UNDER THE UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT AND OHIO CONSTITUTION ARTICLE I, SECTION 16 WAS VIOLATED WHEN HE WAS RE-SENTENCED PURSUANT TO *STATE V. FOSTER*, 845 N.E.2d 470 WHEN THE TRIAL COURT LACKED SUBJECT-MATTER JURISDICTION TO RE-SENTENCE APPELLANT."

I, II, III, IV, V

{¶12} Appellant claims the trial court erred in denying his September 29, 2015 motion to vacate void conviction, as the trial court lacked subject matter jurisdiction because the indictment was invalid or void and therefore his sentence was contrary to law. We disagree.

{¶13} At the outset, we note appellant's September 29, 2015 motion was a petition for postconviction relief under R.C. 2953.21. *State v. Reynolds,* 79 Ohio St.3d 158 (1997).

{¶14} In his appellate brief at 3, appellant specifically argues: "The Trial Court was without subject-matter jurisdiction to render a judgment against the Appellant, nor was it permitted to litigate the matters involving this case when it permitted the amendment of

the indictment to reflect dates of offenses that were not presented to the Grand Jury and **to charge crimes that are subsequent to the date of the filing of the** indictment."

{¶15} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, citing *United States v. Cotton,* 535 U.S. 625 (2002).

{¶16} The November 10, 2004 indictment contained sixty-two counts of pandering obscenity involving a minor. The charges arose from images discovered on appellant's computer that had been seized on March 23, 2004. Sixty-one of the counts contained this date. On the morning of trial, January 25, 2005, the state amended the indictment to reflect more accurate dates for the offenses, established from information retrieved from the specific images. Defense counsel did not object (T. at 10-11), stating the state was within its authority pursuant to Crim.R. 7(D) which states the following in pertinent part: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Changing the date on the offenses did not change the name or identity of the crime charged. Appellant's arguments on the lack of subject matter jurisdiction are without merit.

{¶17} In addition, any challenge to the indictment could have been raised on direct appeal which appellant failed to do; therefore, the challenge is barred under the doctrine of res judicata. *State v. Allen,* 5th Dist. Muskingum No. CT2013-0006; *State v. Lowery,* 2nd Dist. Montgomery No. 24198, 2011-Ohio-2827. As stated by the Supreme Court of

Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶18} Furthermore, based upon appellant's past filings, the subject motion was a successive petition for postconviction relief. R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to

present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶19} In reviewing appellant's motion/petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶20} Upon review, we find the trial court did not err in denying appellant's motion/petition.

{¶21} Assignments of Error I, II, III, IV, and V are denied.

{¶22} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 422