[Cite as *State v. King*, 2017-Ohio-4258.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD KING | : | Case No. CT2017-0021 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2004-0327

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             June 12, 2017

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

D. MICHAEL HADDOX                   RICHARD KING, pro se
Prosecuting Attorney                #489-103
                                    North Central Correctional Institution
By: GERALD V. ANDERSON II           P.O. Box 1812
Assistant Prosecuting Attorney      Marion, Ohio 43302
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}** Appellant Richard King appeals a judgment of the Muskingum County Common Pleas Court overruling his motion to resentence. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 10, 2004, the Muskingum County Grand Jury indicted appellant on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (5). The charges were felonies of the second and fourth degrees. A jury trial commenced on January 25, 2005. The jury found appellant guilty of all of the charges except one, which was dismissed. As memorialized in an entry filed on March 7, 2005, the trial court sentenced appellant to an aggregate term of thirty-six and one-half years in prison and classified him as a sexual predator/habitual sexual offender.

**{¶3}** Appellant filed an appeal. Pursuant to an Opinion filed on January 19, 2006, this Court affirmed appellant's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4). *State v. King*, 5th Dist. Muskingum App. No. CT05–0017, 2006–Ohio–226.

**{¶4}** Upon remand, the trial court resentenced appellant to the same sentence as memorialized in an entry filed on March 8, 2006. Appellant filed an appeal. This Court affirmed the resentencing. *State v. King*, 5th Dist. Muskingum App. No. CT06–0020, 2006–Ohio–6566.

**{¶5}** On October 20, 2005, August 15, 2006, October 8, 2008, March 13, 2009, September 15, 2009, November 2, 2010, and July 14, 2011, appellant filed motions/petitions for postconviction relief on several issues including resentencing, evidentiary issues, ineffective assistance of counsel, and request for new trial. The trial

court denied the motions/petitions and appellant filed appeals. This Court affirmed the trial court's decisions. *State v. King*, 5th Dist. Muskingum No. CT2006–0021, 2007–Ohio– 2810; *State v. King*, 5th Dist. Muskingum No. CT2007–0004, 2007–Ohio–5297; *State v. King*, 5th Dist. Muskingum No. CT2008–0062, 2009–Ohio–412; *State v. King*, 5th Dist. Muskingum No. CT09–CA–22, 2009–Ohio–3854; *State v. King*, 5th Dist. Muskingum No. CT2009–0047, 2010–Ohio–798; *State v. King*, 5th Dist. Muskingum No. CT2011–0006, 2011–Ohio–4529; *State v. King*, 5th Dist. Muskingum No. CT2012–0018, 2012–Ohio– 4070.

{¶6} On September 29, 2015, appellant filed a Motion to Vacate Void Conviction, challenging the trial court's subject matter jurisdiction because the indictment was invalid or void. By Journal Entry filed on October 20, 2015, the trial court denied the motion. Appellant then appealed. Pursuant to an Opinion filed on April 29, 2016 in *State v. King*, 5th Dist. Muskingum No. CT2015–0058, 2016-Ohio-2788, this Court affirmed the judgment of the trial court.

{¶7} Appellant, on September 27, 2016, filed a Motion to Correct Void Sentence. Appellant, in his motion, argued that his sentence was void because the trial court, in its March 8, 2006 entry, did not make findings pursuant to R.C. 2929.13. Pursuant to an entry filed on October 6, 2016, the trial court denied appellant's motion, finding that appellant's sentence was not void. We affirmed on appeal pursuant to an opinion filed January 27, 2017. *State v. King,* 5th Dist. Muskingum No. CT2017-0021.

{¶8} Appellant filed a "Motion to Resentence" on February 23, 2017, arguing that the jury verdict form did not contain sufficient information to make his conviction on count one a second degree felony, and it therefore should have been reduced to a fourth degree

felony. He argued his sentence was void pursuant to R.C. 2945.75(A)(2). The trial court overruled the motion, finding it was an untimely, successive petition for postconviction relief, and further that the motion was barred by the doctrine of *res judicata.* Appellant assigns two errors:

**{¶9}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO RESENTENCE AS THE JURY FOUND APPELLANT GUILTY OF A FOURTH DEGREE FELONY ON COUNT ONE AND THE TRIAL COURT IMPROPERLY SENTENCED APPELLANT AS IF IT WERE A FELONY OF THE SECOND DEGREE, THUS MAKING APPELLANT'S SENTENCE VOID.

**{¶10}** "II. THE TRIAL COURT MISAPPLIED THE DOCTRINE OF *RES JUDICATA* TO APPELLANTS [SIC]MOTION FOR RESENTENCE [SIC] IN THIS CASE WHEN THE MERITS OF THE MOTION HAVE NEVER BEEN DECIDED BECAUSE APPELLANT'S SENTENCE IS VOID."

I., II.

**{¶11}** Appellant argues that his sentence is void based on R.C. 2945.75(A)(2), which provides:

(A)When the presence of one or more additional elements makes an offense one of more serious degree:

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

**{¶12}** We have previously held that a sentence is not rendered void by the court's failure to comply with R.C. 2945.75(A)(2), and the claim must be raised on direct appeal. *State v. Brown,* 5th Dist. Richland No. 09 CA 137, 2010-Ohio-2757, ¶15-17; *State v. Garver,* 5th Dist. Holmes 10-CA-11, 2011-Ohio-2349, ¶18.

**{¶13}** Accordingly, appellant's claim should have been raised on direct appeal from his sentence, and is now barred by the doctrine of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on direct appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). Appellant has filed ten appeals subsequent to his resentencing at the direction of this Court in 2006, and has had ample opportunity to raise issues related to that sentencing.

{¶14} The first and second assignments of error are overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.