[Cite as *State ex rel. King v. Fleegle*, 2019-Ohio-4932.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE EX REL. RICHARD KING | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2019-0081 |
| JUDGE MARK C. FLEEGLE | : |  |
|  | : |  |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Writ of Mandamus


JUDGMENT:     Dismissed


DATE OF JUDGMENT ENTRY:     November 25, 2019

APPEARANCES:

For Relator

RICHARD KING #489-103, Pro Se
North Central Correctional Institution
Box 1812
Marion, OH 43301

For Respondent

D. MICHAEL HADDOX
Prosecuting Attorney
By MARK A. ZANGHI
Assistant Prosecuting Attorney
Box 189
Zanesville, OH  43702-0189

*Gwin, P.J.*

{¶1} On November 1, 2019, Richard King filed a petition for writ of mandamus requesting that this Court order Judge Mark C. Fleegle to "correct his sentence that is contrary to law and void."[1] Mr. King contends his sentence is contrary to law and void because Judge Fleegle imposed an eight-year prison term rather than an eighteen-month sentence for an alleged fourth degree felony count of pandering obscenity to a minor.

{¶2} For a writ of mandamus to issue, the relator must have a clear right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citation omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). The Muskingum County Prosecutor, on behalf of Judge Fleegle, has moved to dismiss Mr. King's writ.

{¶3} A court is permitted to dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶9.

{¶4} Mr. King's writ alleges a sentencing error. He claims the trial court improperly sentenced him to an eight-year prison term, for count one of the indictment, pandering obscenity involving a minor. He claims this count is a fourth degree felony and

---

[1] On September 27, 2019, this Court dismissed a Writ of Mandamus filed by Mr. King wherein he argued the same grounds for relief that he asserts here. *See State ex rel. King v. Fleegle*, 5th Dist. Muskingum No. CT2019-0013, 2019-Ohio-4038.

as such, he could only be sentenced to a maximum sentence of eighteen months. This claim is not cognizable in mandamus. "[S]entencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶3. Here, Mr. King had an adequate remedy at law because he could have and did challenge his sentence on direct appeal and by way of post-conviction relief. *See State ex rel. King v. Fleegle*, 5th Dist. Muskingum No. CT2019-0013, 2019-Ohio-4038, ¶8, which reviews the various legal proceedings Mr. King has previously pursued to challenge his sentence. This basis alone supports granting the Muskingum County Prosecutor's Motion to Dismiss Relator's Successive Petition for Writ of Mandamus.

{¶5}    Further, and as an independent ground, we also note that Mr. King failed to comply with R.C. 2734.04, which requires: "Application for the writ of mandamus must be by *petition*, in the name of the state on the relation of the person applying and verified by affidavit. * * *" (Emphasis added.) Mr. King did not file a "petition" in support of his application for writ of mandamus. Although he titles the first page of his pleading a "Petition for Writ of Mandamus[,]" it is merely an introduction to the relief that he requests. The next page of Mr. King's "Petition for Writ of Mandamus" is titled, "Memorandum in Support." The petition is not in the form of a complaint. Instead, the "Memorandum in Support" sets forth in a brief format Mr. King's argument regarding why he believes he is entitled to mandamus relief. The failure to include a complaint as part of his Petition for Writ of Mandamus serves as an independent basis under Civ.R. 12(B)(6) to dismiss Mr. King's mandamus petition.

{¶6}  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶7}  MOTION GRANTED.

{¶8}  CAUSE DISMISSED.

{¶9}  COSTS TO RELATOR.

{¶10}  IT IS SO ORDERED.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur