**[Cite as *State v. King*, 2020-Ohio-2732.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2020-0013 |
| | : | |
| RICHARD KING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2004-0327

JUDGMENT:                 AFFIRMED

DATE OF JUDGMENT ENTRY:      April 29, 2020

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

D. MICHAEL HADDOX                 RICHARD KING #489-103
MUSKINGUM COUNTY PROSECUTOR  North Central Correctional Institution
                                        P.O. Box 1812
MARK A. ZANGHI                    Marion, OH 43301
P.O. Box 189, 27 North 5th St., Suite 201
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Defendant-Appellant Richard King appeals the January 29, 2020 judgment entry of the Muskingum County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On November 10, 2004, the Muskingum County Grand Jury indicted King on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (5). The charges were felonies of the second and fourth degrees. A jury trial commenced on January 25, 2005. The jury found King guilty of all the charges except one, which was dismissed. As memorialized in an entry filed on March 7, 2005, the trial court sentenced King to an aggregate term of 36 ½ years in prison and classified him as a sexual predator/habitual sexual offender.

{¶3}   King filed an appeal. Pursuant to an Opinion filed on January 19, 2006, this Court affirmed King's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4). *State v. King*, 5th Dist. Muskingum App. No. CT05–0017, 2006–Ohio–226.

{¶4}   Upon remand, the trial court resentenced King to the same sentence as memorialized in an entry filed on March 8, 2006. King filed an appeal. This Court affirmed the resentencing. *State v. King*, 5th Dist. Muskingum App. No. CT06–0020, 2006–Ohio–6566.

{¶5}   On October 20, 2005, August 15, 2006, October 8, 2008, March 13, 2009, September 15, 2009, November 2, 2010, and July 14, 2011, King filed motions/petitions for postconviction relief on several issues including resentencing, evidentiary issues, ineffective assistance of counsel, and request for new trial. The trial court denied the

motions/petitions and King filed appeals. This Court affirmed the trial court's decisions. *State v. King*, 5th Dist. Muskingum No. CT2006–0021, 2007–Ohio–2810; *State v. King*, 5th Dist. Muskingum No. CT2007–0004, 2007–Ohio–5297; *State v. King*, 5th Dist. Muskingum No. CT2008–0062, 2009–Ohio–412; *State v. King,* 5th Dist. Muskingum No. CT09–CA–22, 2009–Ohio–3854; *State v. King*, 5th Dist. Muskingum No. CT2009–0047, 2010–Ohio–798; *State v. King*, 5th Dist. Muskingum No. CT2011–0006, 2011–Ohio–4529; *State v. King*, 5th Dist. Muskingum No. CT2012–0018, 2012–Ohio–4070.

{¶6}   On September 29, 2015, King filed a Motion to Vacate Void Conviction, challenging the trial court's subject matter jurisdiction because the indictment was invalid or void. By Journal Entry filed on October 20, 2015, the trial court denied the motion. King then appealed. Pursuant to an Opinion filed on April 29, 2016 in *State v. King*, 5th Dist. Muskingum No. CT2015–0058, 2016–Ohio–2788, this Court affirmed the judgment of the trial court.

{¶7}   King, on September 27, 2016, filed a Motion to Correct Void Sentence. King argued in his motion that his sentence was void because the trial court, in its March 8, 2006 entry, did not make findings pursuant to R.C. 2929.13. Pursuant to an entry filed on October 6, 2016, the trial court denied King's motion, finding that King's sentence was not void. We affirmed on appeal pursuant to an opinion filed January 27, 2017. *State v. King*, 5th Dist. Muskingum No. CT2017–0021.

{¶8}   King filed a "Motion to Resentence" on February 23, 2017, arguing the jury verdict form did not contain sufficient information to make his conviction on count one a second degree felony, and therefore it should have been reduced to a fourth degree felony. He argued his sentence was void pursuant to R.C. 2945.75(A)(2). The trial court

overruled the motion, finding it was an untimely, successive petition for postconviction relief, and further that the motion was barred by the doctrine of res judicata. We affirmed the trial court's judgment in *State v. King*, 5th Dist. Muskingum No. CT2017–0021, 2017–Ohio–4258.

{¶9}   King filed a "Motion to Correct Sentence" on July 10, 2017. He argued his sentence of eight years for his conviction on count one, a second degree felony in violation of R.C. 2907.321(A)(1), was contrary to law. He argued he should have been sentenced to an 18–month prison term. An 18–month prison term is commensurate with a fourth degree felony. The trial court denied the motion on November 3, 2017, finding the motion was an untimely successive petition for postconviction relief and barred by res judicata. We affirmed the trial court's judgment in *State v. King*, 5th Dist. Muskingum No. CT2017-0091, 2018-Ohio-1696.

{¶10} On February 21, 2019, King filed a petition for writ of mandamus requesting that this Court order Judge Mark C. Fleegle to resentence him to correct his "illegal sentence that is void." King argued the jury's verdict form for count one of pandering obscenity involving a minor did not indicate a degree of felony, and therefore, he could only be sentenced to eighteen months for the lowest degree felony rather than eight years for the highest degree felony. We dismissed King's petition for writ of mandamus for procedural reasons. *State ex rel. King v. Fleegle*, 5th Dist. Muskingum No. CT2019-0013, 2019-Ohio-4038.

{¶11} On November 1, 2019, King filed a petition for writ of mandamus requesting this Court order Judge Mark C. Fleegle to "correct his sentence that is contrary to law and void." King argued his sentence was contrary to law and void because Judge Fleegle

imposed an eight-year prison term rather than an eighteen-month sentence for an alleged fourth degree felony count of pandering obscenity to a minor. We dismissed King's petition for a writ because it alleged a sentencing error, for which he had an adequate remedy at law to challenge his sentence on direct appeal and by way of post-conviction relief, both of which he had pursued. *State ex rel. King v. Fleegle*, 5th Dist. Muskingum No. CT2019-0081, 2019-Ohio-4932.

{¶12} On January 21, 2020, King filed a motion for resentencing with the trial court. He alleged the trial court erred in sentencing him for a second degree felony on Count One of the Indictment. The trial court denied the motion for resentencing on January 29, 2020.

{¶13} It is from this judgment entry King now appeals.

## ASSIGNMENTS OF ERROR

{¶14} King raises two Assignments of Error:

{¶15} "I. THE SENTENCE IMPOSED ON THE DEFENDANT BY THE TRIAL COURT AS A RESULT OF THE VERDICT OF THE JURY FINDING HIM GUILTY OF PANDERING OBSCENITY INVOLVING A MINOR WAS NOT ONLY EXCESSIVE AND IMPROPER, BUT VOID AS A MATTER OF LAW.

{¶16} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANTS [SIC] MOTION FOR RESENTENCE, AS THE COURT FAILED TO CITE FACTS, FINDINGS AND CONCLUSION OF LAW IN ITS DENIAL."

## ANALYSIS

{¶17} We consider King's two Assignments of Error together because we conduct the same analysis for both. The State contends King has raised the identical argument

regarding his sentencing for a second degree felony pursuant to Count One of the Indictment in his direct appeal, appeal upon remand, eleven subsequent appeals, and two mandamus actions. Upon his multiple motions for resentencing, the trial court has denied his motions as successive petitions for postconviction relief and as barred by res judicata. Upon review of the King's most recent motion to the trial court, we find he again raises the argument that he was improperly convicted and sentenced on Count One.

{¶18} Based upon King's past filings, the January 21, 2020 motion was a successive petition for postconviction relief. R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶19} In reviewing King's motion for resentencing, we find King did not satisfy the requirements of R.C. 2953.23.

{¶20} We further find that King's motion for resentencing is barred by the doctrine of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on direct appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). King has filed eleven appeals subsequent to his resentencing at the direction of this Court in 2006, and has had ample opportunity to raise issues related to that sentencing.

{¶21} King's two Assignments of Error are overruled.

## CONCLUSION

{¶22} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.