[Cite as *State v. King*, 2025-Ohio-409.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| RICHARD N. KING | : | Case No. CT2024-0124 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. CR2004-0327


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            February 7, 2025


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

MARK A. ZANGHI                           RICHARD N. KING, PRO SE
P.O. Box 189                             #489-103
27 North Fifth Street, Suite 201         P.O. Box 1812
Zanesville, OH  43702-0189               Marion, OH  43301

*King, J.*

{¶ 1}  Defendant-Appellant Richard N. King appeals the September 24, 2024 judgment of the Muskingum County Court of Common Pleas denying his Motion to Correct Judgment Entry Pursuant to Criminal Rule 36 and his motion for summary judgment. We affirm the trial court.

FACTS AND PROCEURAL HISTORY

{¶ 2}  The history of this matter was most recently set forth in *State v. King* 2020-Ohio-2732 (5th Dist.) as follows.

{¶ 3}  On November 10, 2004, the Muskingum County Grand Jury indicted King on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (5). The charges were felonies of the second and fourth degrees. King elected to proceed to a jury trial which commenced on January 25, 2005. The jury found King guilty of all the charges except one, which was dismissed. As memorialized in an entry filed on March 7, 2005, the trial court sentenced King to an aggregate term of 36½ years in prison and classified him as a sexual predator/habitual sexual offender.

{¶ 4}  King filed an appeal. Pursuant to an Opinion filed on January 19, 2006, this Court affirmed King's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4). *State v. King*, 2006-Ohio226 (5th Dist.).

{¶ 5}  Upon remand, the trial court resentenced King to the same sentence as memorialized in an entry filed on March 8, 2006. King filed an appeal. This Court affirmed the resentencing. *State v. King*, 2006-Ohio-6566 (5th Dist.).

{¶ 6}  On October 20, 2005, August 15, 2006, October 8, 2008, March 13, 2009, September 15, 2009, November 2, 2010, and July 14, 2011, King filed motions/petitions

for postconviction relief on several issues including resentencing, evidentiary issues, ineffective assistance of counsel, and request for new trial. The trial court denied the motions/petitions and King filed appeals. On each occasion, this Court affirmed the trial court's decisions. *State v. King*, 2007-Ohio-2810 (5th Dist.); *State v. King*, 2007-Ohio-5297 (5th Dist.); *State v. King*, 2009-Ohio-412 (5th Dist.); *State v. King*, 2009-Ohio-3854 (5th Dist.); *State v. King*, 2010-Ohio-798 (5th Dist.); *State v. King*, 2011-Ohio-4529 (5th Dist.); *State v. King*, 2012-Ohio-4070 (5th Dist.); State v. King 2020-Ohio-2732 (5th Dist.).

{¶ 7} On September 29, 2015, King filed a Motion to Vacate Void Conviction, challenging the trial court's subject matter jurisdiction because the indictment was invalid or void. On October 20, 2015, the trial court denied the motion. King appealed. This Court affirmed the judgment of the trial court *State v. King*, 5th Dist. 2016-Ohio-2788 (5th Dist.).

{¶ 8} On September 27, 2016, King filed a Motion to Correct Void Sentence. King argued his sentence was void because the trial court, in its March 8, 2006 entry, did not make findings pursuant to R.C. 2929.13. The trial court denied King's motion, finding that King's sentence was not void. This court affirmed the trial court's judgment. *State v. King*, 2017-Ohio-4258 (5th Dist.).

{¶ 9} On February 23, 2017. King filed a "Motion to Resentence" arguing the jury verdict form did not contain sufficient information to make his conviction on count one a felony of the second degree, and therefore it should have been reduced to a felony of the fourth degree. He argued his sentence was void pursuant to R.C. 2945.75(A)(2). The trial court overruled the motion, finding it was an untimely, successive petition for postconviction relief, and further that the motion was barred by the doctrine of res judicata. We affirmed the trial court's judgment. *State v. King*, 2017-Ohio-4258 (5th Dist.).

{¶ 10} On July 10, 2017, King filed a "Motion to Correct Sentence." He argued his sentence of eight years for his conviction on count one, a felony of the second degree in violation of R.C. 2907.321(A)(1), was contrary to law. He argued he should have been sentenced to an 18-month prison term which is commensurate with a fourth-degree felony. The trial court denied the motion on November 3, 2017, finding the motion was an untimely successive petition for postconviction relief and barred by res judicata. We affirmed the trial court's judgment in *State v. King*, 2018-Ohio-1696 (5th Dist).

{¶ 11} On February 21, 2019, King filed a petition for writ of mandamus requesting that this Court order Judge Mark C. Fleegle to resentence him to correct his "illegal sentence that is void." King argued the jury verdict form for count one of pandering obscenity involving a minor did not indicate a degree of felony, and therefore, he could only be sentenced to eighteen months for the lowest degree felony rather than eight years for the highest degree felony. We dismissed King's petition for writ of mandamus on procedural grounds. *State ex rel. King v. Fleegle*, 2019-Ohio-4038 (5th Dist.).

{¶ 12} On November 1, 2019, King filed a petition for writ of mandamus requesting this Court order Judge Mark C. Fleegle to "correct his sentence that is contrary to law and void." King argued his sentence was contrary to law and void because Judge Fleegle imposed an eight-year prison term rather than an eighteen-month sentence for an alleged fourth degree felony count of pandering obscenity to a minor. We dismissed King's petition for a writ because it alleged a sentencing error, for which he had an adequate remedy at law to challenge his sentence on direct appeal and by way of post-conviction relief, both of which he had pursued. *State ex rel. King v. Fleegle*, 2019-Ohio-4932 (5th Dist.).

{¶ 13} On January 21, 2020, King again filed a motion for resentencing with the trial court and again alleged the trial court erred in sentencing him for a second-degree felony on count one of the indictment. The trial court denied the motion for resentencing on January 29, 2020. This Court affirmed the trial court's finding that because King had raised this issue in his direct appeal and in multiple appeals and mandamus actions thereafter, the matter was both a successive motion for post-conviction relief and barred by res judicata. *State v. King*, 2020-Ohio-2732 (5th Dist.).

{¶ 14} On August 8, 2024, King filed a Motion to Correct Judgment Entry Pursuant to Criminal Rule 36. King's motion again alleged the trial court erroneously increased the degree and penalty for count one of the indictment. On September 5, 2024, King filed a Motion for Summary Judgment. The trial court denied both motions on September 24, 2024. The court noted that subsequent to his direct appeal, King had filed 13 post-conviction motions, "all of which in some form or another, allege that he was not convicted of a second-degree felony (Count One) and therefore not properly sentenced." The trial court further noted that this Court had denied each of King's twelve previous post-conviction appeals. In denying the motions, the trial court concluded King's latest iteration was no different than the previous twelve.

{¶ 15} King timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 16} "APPELLANT'S FOURTEENTH AMENDMENT RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF LAW RIGHTS WERE VIOLATED WHEN THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION

WHEN IT DENIED THE APPELLANT'S MOTION TO CORRECT JUDGMENT ENTRY PURSUANT TO CRIMINAL RULE 36."

I

{¶ 17} In his sole assignment of error, King once again argues the trial court erred in finding he had been convicted of a second degree felony on count one of the indictment. He argues the trial court abused its discretion and committed plain error by refusing to remedy the error via nunc pro tunc judgment entry pursuant to Crim.R. 36. We disagree.

{¶ 18} The State contends King raised the argument regarding his sentencing for a second-degree felony pursuant to count one of the indictment in his direct appeal, appeal upon remand, twelve subsequent appeals, and two mandamus actions. Upon his multiple motions for resentencing, the trial court has denied his motions as successive petitions for postconviction relief and as barred by res judicata. Upon review, this case is no different.

{¶ 19} We find King's current argument could have been raised, or was raised, via the direct appeal of King's original conviction and sentence or through the appeal of the denial of his subsequent motions for postconviction relief. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 2016-Ohio-832 (5th Dist.) ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175 (1967).

{¶ 20} Res judicata also prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). King's most recent motion was merely repackaging of the same argument he has raised more than a dozen times before. Accordingly, King's sole assignment of error is overruled.

{¶ 21} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Baldwin, P.J. and

Hoffman, J. concur.